UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL DANIEL ETHRIDGE,<br><br>Plaintiff,<br><br>v.<br><br>NATIVIDAD MEDICAL CENTER, et al.,<br><br>Defendants. | Case No. 16-cv-05428-HSG (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff brings this action against Natividad Medical Center ("Natividad") and three of its medical doctors, Paul Simcoe, Jennifer Swiney, and Mary Pennington. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff alleges he has been transported to Natividad to receive emergency medical treatment on several occasions. He alleges that, following these visits, doctors Simcoe, Swiney, and Pennington prepared discharge reports containing false medical information downplaying his medical ailments and labeling him as a "malingerer," i.e., someone who fakes symptoms, in an attempt to stop prison officials from sending plaintiff back to Natividad. Plaintiff alleges that the contents of the discharge reports have interfered with his ability to access medical care, including one occasion where prison medical personnel failed to treat him for a head trauma after reviewing Natividad discharge reports labeling him as a malingerer. Plaintiff also alleges that on June 27, 2016, after being transported to Natividad with possible internal bleeding, Dr. Simcoe directed nursing staff to place a tube down plaintiff's throat without numbing spray and performed an aggressive rectal exam on plaintiff, causing pain. Plaintiff asserts claims for deliberate indifference to serious medical needs, retaliation, and municipal liability.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further

2

significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  These allegations, liberally construed, state a claim of deliberate indifference against Dr. Simcoe, Dr. Swiney, and Dr. Pennington.

 "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).  Plaintiff bases his retaliation claim on allegations that defendants issued false discharge reports as punishment for exercising his right to access health care.  Plaintiff should note that in order to state a valid claim for retaliation, he must allege that defendants retaliated against him for the exercise of his constitutional rights.  *See Rhodes*, 408 F.3d at 567-68; *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997).  Retaliation for plaintiff's accessing medical care does not state a claim because such action is not, on its own, an exercise of his constitutional rights.  Accordingly, the retaliation claim is dismissed.

Plaintiff's municipal liability claim is also dismissed as plaintiff fails to name a municipal entity as a defendant.  *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (municipal liability requires a showing that a local government's policy amounts to deliberate indifference to the plaintiff's constitutional rights).

**C.     Motion for Temporary Restraining Order**

Plaintiff has also filed a motion for a temporary restraining order seeking to prevent SVSP

3

1  from transporting him to Natividad for any future medical treatment and seeking immediate
2  amendment of his Natividad discharge reports to remove reference to plaintiff as a "malingerer."
3  Neither SVSP nor any of its employees are a party to this action. Accordingly, to the extent
4  plaintiff seeks to force or enjoin action by SVSP or its employees, the motion must be denied
5  based on the Court's lack of jurisdiction over these non-parties. *See* Fed. R. Civ. P. 65(d)(2).

6        The motion must also be denied based on plaintiff's failure to comply with notice
7  requirements. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a
8  preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary
9  injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a
10 motion for preliminary injunction cannot be decided until the parties to the action are served. *See*
11 *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Because defendants have not yet been served in
12 this action and plaintiff has not provided evidence showing that defendants have received notice of
13 this action, the motion for a preliminary injunction is DENIED without prejudice to renewing after
14 defendants have been served in this action.

15       A TRO may be granted without written or oral notice to the adverse party or that party's
16 attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified
17 complaint that immediate and irreparable injury, loss or damage will result to the applicant before
18 the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's
19 attorney certifies in writing the efforts, if any, which have been made to give notice and the
20 reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).
21 Because plaintiff has not indicated that he has made any effort to give notice to defendants or
22 argue that notice should not be required, the motions for a TRO are DENIED without prejudice to
23 renewing with the requisite showing described above.

## CONCLUSION

25       For the foregoing reasons,
26       1.    Plaintiff's complaint states a cognizable Eighth Amendment claim for deliberate
27 indifference to serious medical needs as against Dr. Simcoe, Dr. Swiney, and Dr. Pennington. The
28 Clerk shall add Mary Pennington, DO as a defendant on the docket in this action.

4

2.	Plaintiff's motion for a temporary restraining order is DENIED.

3.	The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and a copy of this order upon the following defendants at Natividad Medical Center: **Dr. Paul A. Simcoe**, **Dr. Jennifer Swiney**, and **Dr. Mary Pennington**.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

4.	In order to expedite the resolution of this case, the Court orders as follows:

a.	No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

b.	Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c.	Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified *Wyatt* notice in light of *Albino*. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponents. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

6

1  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
2  pending case every time he is moved to a new facility.
3      9.   Any motion for an extension of time must be filed no later than the deadline sought
4  to be extended and must be accompanied by a showing of good cause.
5      10.  Plaintiff is cautioned that he must include the case name and case number for this
6  case on any document he submits to the Court for consideration in this case.
7  This order terminates Docket No. 3.
8  **IT IS SO ORDERED.**
9  Dated:  11/14/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge