UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL DANIEL ETHRIDGE,<br>　　　　Plaintiff,<br>　v.<br>NATIVIDAD MEDICAL CENTER, et al.,<br>　　　　Defendants. | Case No. 16-cv-05428-HSG (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR DEFENDANT PENNINGTON** |

Plaintiff, an inmate at Salinas Valley State Prison, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to serious medical needs as against Natividad Medical Center ("Natividad") and three of its medical doctors, Paul Simcoe, Jennifer Swiney, and Mary Pennington. On November 14, 2016, the Court directed the Clerk to prepare the summonses for service of the complaint upon the three doctors and the United States Marshal to effectuate such service. Defendants Simcoe and Swiney have been served. On February 8, 2018, the summons for defendant Pennington was returned unexecuted with the notation "subject no longer works at Natividad Hospital." Dkt. No. 21.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant Pennington. Consequently, plaintiff must remedy the situation or face dismissal of

defendant Pennington from this action without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Because the complaint has been pending for over 90 days, the Court will *sua sponte* grant plaintiff an extension of time to effect service on defendant Pennington.

Accordingly, within **sixty (60)** days of this order**,** plaintiff must effect service on defendant Pennington, or submit to the Court sufficient information to identify and locate defendant Pennington such that the Marshal is able to effect service. **If plaintiff fails to provide the court with the information requested within sixty (60) days of the date this order is filed, plaintiff's claim against defendant Pennington will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

The briefing schedule will remain stayed. The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

**IT IS SO ORDERED.**

Dated: 2/9/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

2